

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 22, 1961

Hon. M. T. Harrington,
Chancellor
Texas Agricultural and
  Mechanical College System
College Station, Texas

Opinion No. WW-1022

Re: Whether the Board of
    Directors of the Texas
    A & M College System
    is authorized to invest
    the Special Mineral In-
    vestment Fund in (1)
    common or other stocks
    of private corporations
    and (2) investment cer-
    tificates or shares of
    building and loan asso-

Dear Mr. Harrington:
    ciations.

        You have asked the opinion of this office as to
whether, pursuant to the provisions of Article 2613a-3,
Vernon's Civil Statutes, the Board of Directors of the
Texas A & M College System is authorized to invest the
Special Mineral Investment Fund created by said article
in (1) common or other stocks of private corporations and
(2) investment certificates or shares of building and loan
associations.

        Section 1(b) of Article 2613a-3, after creating
the "Texas Agricultural and Mechanical College System
Special Mineral Investment Fund," provides that "In the
judgment of the said Board of Directors, said Special
Mineral Investment Fund may be invested so as to produce
an income..."  The authority thus granted to the Board of
Directors is very broad and would be restricted only by
statutory or constitutional limitations.

        Section 52 of Article III of the Constitution of
Texas provides that "The Legislature shall have no power to
authorize any county, city, town or other political corpora-
tion or subdivision of the State to lend its credit or to
grant public money or thing of value in aid of, or to any
individual, association or corporation whatsoever, <u>or to
become a stockholder in such corporation, association, or
company;...</u>"  (Emphasis added)

        It is well established law that public state schools,

Hon. M. T. Harrington, page 2   (WW-1022)

colleges and universities are divisions or departments of the state government.  Mumme v. Marrs, 120 Tex. 383, 40 S.W.2d 31, (1931).

In Heaton v. Bristol, 317 S.W.2d 86 (Civ.App. 1958, error ref.), the court in effect held that the Board of Directors of A & M College was a state administrative agency and that the legislature had entrusted to the Board the government of the college, with power to make by-laws, rules, and regulations for the governing of the college.

It follows that A & M College is a state agency and applying the rule of "Ejusdem generis," it must be reasoned that a state agency such as A & M College does not come under the Constitutional prohibition set out above, for A & M College is not of the same class or kind as a "county, city, town or other political corporation or sub-division."

We have presumed from your request that the lands on which these oil and gas leases were given are not part of the Permanent University Fund lands.  In the event any of the lands are a part of the University lands, then the Board of Regents of the University of Texas has exclusive authority to invest proceeds from the oil and gas lease sales.  However, if the lands in question are not a part of the University lands, then it is the opinion of this office that by virtue of Article 2613a-3, Section 1, Vernon's Civil Statutes, the Board of Directors of A & M College has the authority to invest the monies in the Special Mineral Investment Fund in common or other stocks of private corporations and in investment certificates or shares of building and loan associations.

There is attached to this opinion a copy of opinion No. MS-263 which sets out the procedure you should follow in investing the monies of the Special Mineral Fund.

## S U M M A R Y

Provided that the lands in question are not a part of the University lands, then the Board of Directors of A & M College has the authority to invest the monies in the Special Mineral Investment Fund in corporate stocks or in building and loan associations.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: Linward Shivers
Assistant

LS:jh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis
W. Ray Scruggs
Larry Hargrove
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
By: Morgan Nesbitt